UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>  Plaintiff,<br><br>  v.<br><br>W. WESTON, *et al.*,<br><br>  Defendants. | Case No.  2:24-cv-00239-TLN-JDP (PC)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S MOST RECENT APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS OTHERS<br><br>ECF Nos. 2, 8, 10, & 18<br><br>DENYING PLAINTIFF'S MOTIONS TO ADD APPENDIX, FOR A HEARING AND PROTECTIVE ORDER, FOR SCREENING, AND FOR ASSIGNMENT OF A DISTRICT JUDGE<br><br>ECF Nos. 7, 14, 15, & 21<br><br>**SCREENING ORDER**<br><br>FINDING THAT THE AMENDED COMPLAINT FAILS TO MEET FEDERAL PLEADING STANDARDS AND GRANTING LEAVE TO AMEND<br><br>ECF No. 19<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S MOTION FOR SANCTIONS AND DEFAULT JUDGMENT, MOTIONS FOR TEMPORARY RESTRAINING ORDER AND SUMMARY JUDGMENT, AND |

1

MOTION FOR PRELIMINARY INJUNCTION BE DENIED

ECF Nos. 9, 17, 33, & 37

Plaintiff, a detainee in the Napa State Hospital, brings this action against numerous defendants. ECF No. 19. I cannot tell what claims are at issue or how each of the named defendants is alleged to have violated his rights, because the complaint is incomprehensible. I will give him leave to amend. I will grant his most recent application to proceed *in forma pauperis*, ECF No. 18, and deny his others, ECF Nos. 2, 8, 10, & 14, as moot. His motions to add an appendix to his complaint, ECF No. 7, for a hearing and protective order, ECF No. 14, for screening, ECF No. 15, and for assignment of a district judge, ECF No. 21, will also be denied. Finally, I will recommend that his motions for sanctions, default judgment, summary judgment, and preliminary injunctive relief, ECF Nos. 9, 17, 33, & 37, be denied as premature.

### **Applications to Proceed** *in Forma Pauperis*

Plaintiff indicates, by way of his address, that he is a civil detainee at Napa State Hospital. Civil detainees of this type are not subject to the Prison Litigation Reform Act ("PLRA") insofar as they are not required to provide a copy of their trust fund accounts or to exhaust their administrative remedies. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000). However, for the purposes of the PLRA, I look to plaintiff's status at the time he filed the lawsuit. *Id.* ("[W]e hold that only individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of 28 U.S.C. § 1997e and 42 U.S.C. § 1915."). At the time he filed this suit, plaintiff indicated that he was being held at the West County Detention Facility, in Richmond, California. ECF No. 1-1 (envelope listing the address of the detention facility). This presents an issue insofar as it does not appear that plaintiff ever submitted a trust fund account and, judging by his current address, he may no longer be capable of obtaining one. Accordingly, I find it most appropriate to treat plaintiff as a civil detainee, grant his most recent application to proceed *in forma pauperis*, ECF No. 18, and deny his others as moot, ECF Nos. 2, 8, & 10.

Plaintiff has also filed a related motion seeking a hearing on his request to proceed *in forma pauperis* and for a protective order. ECF No. 14. A hearing on his applications to proceed *in forma pauperis* is unnecessary; I have already decided to grant his latest application. And the unintelligibility of this filing makes it impossible to tell why he is seeking a protective order or the purported justification on which he bases his request. This motion is denied.

**Motions to Add Appendix, for Screening, and for Assignment of a District Judge**

Plaintiff has filed a motion to add an appendix of exhibits to his initial complaint. ECF No. 7. All complaints must be complete in and of themselves pursuant to local rules. *See* Local Rule 220. And, in any event, plaintiff filed an amended complaint after this motion was submitted, *see* ECF No. 19, thereby negating the complaint to which these proposed appendices would attach. This motion will be denied.

Similarly, plaintiff's motion seeking screening and service of the initial complaint, ECF No. 15, will be denied in light of plaintiff's amended complaint. That amended complaint is screened below, and service is not appropriate.

Finally, plaintiff's motion to assign a district judge will be denied as moot as a district judge has already been assigned to this matter. ECF No. 21.

**Screening Order**

**I.     Screening and Pleading Requirements**

A court must dismiss an in forma pauperis complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that

3

give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.  Analysis

Plaintiff's amended complaint is unintelligible and, therefore, non-compliant with Rule 8. I have done my best to read plaintiff's dense and poorly organized complaint, but I cannot tell what claims are at issue or how each named defendant is alleged to have violated his rights. He references falsified warrants, ECF No. 19 at 1, an "intentional hit" or assassination attempt on his life, *id.* at 5, and an unnamed police officer selling fentanyl in San Francisco, *id.* He claims to have been shot, to have bled out, and to have died at the hands of the police departments of Vallejo and Fairfield. *Id.* at 7. These allegations are vague and potentially fanciful. This complaint cannot proceed as articulated insofar as it does not provide adequate notice to either the court or the defendants of the nature of plaintiff's claims.

Plaintiff may file an amended complaint that remedies these deficiencies. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

### Motions for Sanctions and Default Judgment, Temporary Restraining Orders and Summary Judgment, and Preliminary Injunction

All of these motions should be denied. Sanctions, default judgment, and summary judgment are inappropriate where, as here, the operative complaint is deficient. And plaintiff

4

cannot succeed in obtaining any preliminary injunctive relief because, as yet, he cannot show that he is likely to succeed on the merits. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). And, because I cannot discern the actual substance of plaintiff's claims, I cannot find that his requested injunctive relief is sufficiently related to the operative complaint.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order. If he fails to do so, I will recommend that this action be dismissed.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 18, is GRANTED and his others, ECF Nos. 2, 8, & 10, are DENIED as moot.

4. Plaintiff's motions to add an appendix, ECF No. 7, for hearing and protective order, ECF No. 14, for screening and service, ECF No. 15, and for assignment of a district judge, ECF No. 21, are denied.

Further it is RECOMMENDED that plaintiff's motions for sanctions and default judgment, ECF No. 9, for temporary restraining order and/or permanent injunction, ECF No. 17, for temporary restraining order and summary judgment, ECF No. 33, and for preliminary injunction, ECF No. 37, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 17, 2024                            /s/ Jeremy Peterson
                                                      JEREMY D. PETERSON
                                                      UNITED STATES MAGISTRATE JUDGE