UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, | Case No. 2:24-cv-0239-TLN-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| W. WESTON, *et al.*, | |
| Defendants. | |

Plaintiff, a detainee in the Napa State Hospital, brings this action against numerous defendants. I found that his last complaint was unintelligible and failed to state a claim. ECF No. 40. He has filed a second amended complaint that, for the reasons stated below, also fails to state a claim. Accordingly, I now recommend that the second complaint be dismissed without leave to amend. I will also deny plaintiff's miscellaneous motions. ECF Nos. 43, 45, 46, & 47.

1

1 **Screening Order**

2     **I.**      **Screening and Pleading Requirements**

3       A court must dismiss an in forma pauperis complaint before service of process if it is
4 frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C.
5 § 1915(e)(2). A complaint must contain a short and plain statement that plaintiff is entitled to
6 relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible
7 on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does
8 not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556
9 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
10 possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
11 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
12 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
13 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
14 n.2 (9th Cir. 2006) (en banc) (citations omitted).

15       The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
16 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
17 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
18 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
19 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
20 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
21 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

22     **II.**      **Analysis**

23       Plaintiff's second amended complaint, like its predecessor, fails to state any viable claim.
24 Across approximately thirty pages, plaintiff advances numerous conclusory claims. He alleges
25 that defendants with the Contra Costa County Sheriff's Department kidnapped and held him
26 hostage, ECF No. 1 at 4, conspired to murder him to steal "estate legacies" that were willed to
27 him, *id.* at 5, and engaged in forgery and fraud to steal tax benefits and Federal Emergency
28 Management Funds, *id.* at 7. He fancifully alleges that staff at the Contra Costa County detention

center use "pathogens-smoke alarms to release 'viral fumes'" to kill "rich (heirs) . . . like (plaintiff)." *Id.* at 12.

Separately, he claims that a former member of the Vallejo Police Department stalked and harassed him, but he does not explain how this claim is related to other allegations in this suit. *Id.* at 9. He claims that unnamed individuals at the Fairfield County Jail attempted to murder him and steal a check from the Internal Revenue Service. *Id.* at 18.

There are other allegations in the complaint, all of which are vague, and many of which are fanciful. It is unnecessary to list them all. Suffice it to say, there are no viable claims advanced, and further leave to amend is unwarranted. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of leave to amend not an abuse of discretion where further amendment would be futile).

**Pending Motions**

Plaintiff has filed several pending motions, all of which will be denied.

First, he has filed a motion seeking my disqualification. ECF No. 43. It contains frivolous and unsupported arguments that I am somehow affiliated with families with which plaintiff was raised and, therefore, cannot be impartial. *Id.* at 1-3. The motion is denied.

Second, plaintiff has filed a motion to change venue that is largely incomprehensible. ECF No. 45. He makes no compelling argument for changing venue and restates the fanciful allegations that defendants are involved in identity theft rings, and that the undersigned is related to unidentified members of the Yolo County Sheriff's Department. ECF No. 45 at 4. The motion is denied.

Third, plaintiff has filed two motions seeking appointment of a "court master" to investigate mail interference at the Napa State Hospital. ECF Nos. 46 & 47. If my recommendations that this action be dismissed are not adopted, plaintiff may file a properly supported motion for preliminary injunctive relief on this issue. As it stands, both motions fail to make the required showing and, in light of my recommendation that this action be dismissed without leave to amend, they are denied without prejudice.

Accordingly, it is ORDERED that plaintiff's motions, ECF Nos. 43, 45, 46, & 47 are DENIED.

Further it is RECOMMENDED that the second amended complaint, ECF No. 42, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 21, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4